## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**JACK WALTER PEPPERS**,
*Plaintiff*,

v.

**OKLAHOMA DEPARTMENT OF HUMAN SERVICES;**
**AMY KEMP,** *in her individual and official capacities;*
**DOMINIC WILSON,** *in her individual and official capacities;*
**DANELLE DILLMAN,** *in her individual and official capacities;*
**CHRISTOPHER ANDERSON,** *in his official capacity as District Judge;*
**SEMINOLE COUNTY DHS;**
**GARY BROOKS,** *in his individual and official capacities;*
**SEMINOLE COUNTY COURT CLERK'S OFFICE;**
**JOHN/JANE DOES 1–10,** *unknown state actors,*

*Defendants.*

FILED

MAY 21 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

Case No. CIV-25-549-R

---

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER 42 U.S.C. § 1983

*(No damages requested at this time to preserve pending state tort claim)*

### I. INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983 to redress ongoing constitutional violations by Oklahoma state actors against Plaintiff Jack Walter Peppers. The case arises from the **unlawful seizure of Plaintiff's children**, systemic **retaliation for protected legal activity**, **interference with court access**, and the **suppression and mishandling of legal filings** during multiple overlapping proceedings in Seminole County.

Plaintiff seeks **declaratory relief, preliminary and permanent injunctive relief**, and any other **equitable** relief deemed appropriate by this Court. **No monetary damages are requested at this time** to avoid prejudicing Plaintiff's pending tort claim (RM-2520035451) filed with the Oklahoma Office of Risk Management.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**, as this action arises under the Constitution and laws of the United States.
2. Venue is proper in the **Western District of Oklahoma** under 28 U.S.C. § 1391(b), as all relevant acts occurred in Seminole County, Oklahoma.

---

## III. PARTIES

3. Plaintiff Jack Walter Peppers is a resident of Seminole County, Oklahoma.
4. Defendant **Oklahoma Department of Human Services (OKDHS)** is a state agency operating under the laws of Oklahoma.
5. Defendant **Amy Kemp** is an OKDHS caseworker, sued in her **individual and official capacities**.
6. Defendant **Dominic Wilson** is an OKDHS case worker, sued in her **individual and official capacities**.
7. Defendant **Danelle Dilman** is an OKDHS caseworker, sued in her **individual and official capacities**.
8. Defendant **Christopher Anderson** is the sitting judge over Case No. JD-25-6, acting in his **official capacity**.
9. Defendant **Gary Brooks** is a deputy sheriff employed by Seminole County, sued in his **individual and official capacities**.
10. Defendant **Seminole County DHS** is the local office administering OKDHS policies.
11. Defendant **Seminole County Court Clerk's Office** is responsible for filing and maintaining court documents.
12. Defendants **John/Jane Does 1–10** are unknown state actors who knowingly participated in the suppression of Plaintiff's legal filings and other constitutional violations.

---

## IV. FACTUAL ALLEGATIONS

11. Plaintiff has been involved in court proceedings related to custody and protective orders since December 2024.
12. On **February 13, 2025**, Plaintiff's children were removed from his home **without a valid court order, warrant, or exigent circumstances**.
13. Defendants **enforced an unauthorized Safety Plan**, ignoring Plaintiff's **lawfully issued Victim Protective Order (PO-2024-00115)**.
14. Plaintiff's **motions, counterclaims, and pleadings were repeatedly obstructed or ignored** by the Court Clerk's Office.
15. Caseworker **Amy Kemp** initiated retaliatory actions, including triggering the Juvenile Deprived case (**JD-25-6**) during Plaintiff's supervised visitation.
16. Defendant **Dominic Wilson** actively participated in the suppression and manipulation of evidence, the premature termination of supervised visitation **(see**

17. **Voice 027 and Video)**, and submitted defamatory, incomplete text messages to the **District Attorney's office** while maintaining improper communication with foster placements.
17. Defendant **Danelle Dilman**, acting as a supervising agent of OKDHS, failed to intervene or correct ongoing misconduct despite being notified in writing and verbally of repeated due process violations, falsified documentation, and emotional harm caused by subordinate caseworkers. On **April 21, 2025,** during a supervised visit at the Wewoka DHS office, Dilman verbally introduced a new "Family Time Plan" without providing documentation and discouraged Plaintiff from responding in writing. This exchange, captured in **audio recording labeled "Visit With my Kids 4-21-2025"**, also includes Dilman admitting that it was "obvious" Plaintiff loves his children, yet she still supported increased restrictions. This recorded interaction further proves DHS's pattern of off-record coercion, suppression of parental rights, and refusal to act in the best interests of the children. "Plaintiff repeatedly requested that caseworkers conduct legal correspondence and case updates outside of supervised visitation. Raising new allegations, serving summonses, or discussing sensitive case matters during emotional visitation is inappropriate, coercive, and undermines the purpose of family time." Despite these requests, Defendants continued to use visitation settings for official actions, such as the service of the JD-25-6 summons by Amy Kemp during the visit recorded in **Voice 012**, and the verbal introduction of a new Family Time Plan by Danelle Dillman during **Voice 027**, resulting in heightened stress and obstruction of Plaintiff's ability to respond or seek clarification in a legally appropriate manner.
18. The primary complainant, Jacqueline Dawson-Peppers, made **multiple conflicting sworn statements**, yet was granted relief in contradiction to prior case dismissals.
19. Plaintiff possesses **audio recordings, sworn affidavits, and timeline documentation** evidencing perjury, misconduct, and tampering by multiple officials.
20. On April 14th, 2025, Plaintiff filed **Tort Claim RM-2520035451** with the Oklahoma Office of Risk Management, documenting extensive **statutory and constitutional violations**, including emotional and financial harm.

---

## V. CLAIMS FOR RELIEF

**Count I – Violation of Fourteenth Amendment (Due Process Clause)**
Defendants removed Plaintiff's children and interfered with his rights **without notice, hearing, or lawful court order**, violating his liberty interest in familial association.

---

**Count II – Violation of First Amendment (Retaliation for Protected Activity)**
Defendants retaliated against Plaintiff for **filing motions, complaints, and evidence**, initiating adverse legal proceedings in response to constitutionally protected conduct.

**Count III – Violation of Fourth Amendment (Unlawful Seizure)**
The seizure of Plaintiff's children on February 13, 2025, occurred **without warrant, judicial order, or statutory justification**, constituting an unreasonable seizure.

**Count IV – Violation of Right to Access the Courts (42 U.S.C. § 1983)**
Clerical suppression, procedural sabotage, and denial of access to evidence and hearings **obstructed Plaintiff's right to a fair and functional court process.**

**Count V – Violation of Fourteenth Amendment (Denial of Right to Jury Trial in a Proceeding Affecting Fundamental Liberty Interest)**

Plaintiff challenges the constitutionality of Oklahoma's statutory scheme governing juvenile deprived proceedings, which denies the right to trial by jury despite the severity of the liberty interest at stake. The denial of a jury trial in proceedings that directly impact the fundamental constitutional right to parent one's child violates Plaintiff's procedural due process under the Fourteenth Amendment to the United States Constitution.

The deprivation of parental rights is more serious than most criminal penalties and should trigger the same due process protections afforded in criminal or civil termination proceedings, including the right to a trial by jury. Oklahoma's denial of that right creates an inherently unbalanced and opaque judicial process, vulnerable to abuse, retaliation, and coercion.

Plaintiff respectfully requests this Court declare the denial of jury trials in such proceedings unconstitutional as applied in this case, or in the alternative, that Plaintiff's JD case be stayed pending resolution of this federal question.

**Count VI – Abuse of Process (42 U.S.C. § 1983 and Common Law Hybrid)**

Defendants, particularly case workers Amy Kemp and Dominic Wilson, willfully misused legal procedures not for their intended purpose, but to retaliate against and punish Plaintiff. This included the initiation of the Juvenile Deprived proceeding (JD-25-6) during supervised visitation, improper use of "Family Time Plans" without legal authority or proper documentation, and service of legal documents during emotional visitation periods in violation of DHS policy and procedural fairness.

The actions of Defendants were not based on the pursuit of legitimate child welfare concerns but instead represented malicious and strategic use of court mechanisms to cause harm, confusion,

and obstruct Plaintiff's ability to meaningfully participate in legal proceedings. This abuse of process is both unconstitutional under §1983 and actionable under common law principles.

### Count VII – Fabrication and Misrepresentation of Evidence (42 U.S.C. § 1983)

Defendant Dominic Wilson submitted incomplete, selectively edited, and misleading text messages to the District Attorney's office and the Court, omitting context and exculpatory information that would have disproved the alleged narrative of Plaintiff being a threat to his children. These submissions were done in bad faith and with intent to manipulate judicial findings.

Such fabrication of evidence constitutes a violation of Plaintiff's Fourteenth Amendment right to due process and undermines the integrity of any proceeding predicated on these falsehoods. The intentional distortion of evidence directly contributed to the prolongation and intensification of the JD case against Plaintiff.

### Count VIII – Civil Conspiracy to Violate Constitutional Rights (42 U.S.C. § 1985(3))

Upon information and belief, Defendants Amy Kemp, Dominic Wilson, Danelle Dillman, and other unknown actors (John/Jane Does 1–10) acted in concert to deprive Plaintiff of his civil rights under color of law. This included coordinated suppression of filings, improper communication with foster placements, strategic misrepresentation of facts, and administrative interference with Plaintiff's legal efforts to defend his parental rights.

This conspiracy was motivated, in part, by retaliation against Plaintiff for engaging in constitutionally protected activity, including filing grievances, motions, and public complaints. The combined actions demonstrate an agreement among state actors to unlawfully target Plaintiff through coordinated abuse of legal processes.

### Count IX – Failure to Intervene (Against Supervisory Defendants under § 1983)

Defendant Danelle Dillman, as a supervising DHS official, had actual and constructive knowledge of the constitutional violations committed by subordinate caseworkers. Despite repeated written and verbal notifications by Plaintiff, Dillman failed to take corrective action or intervene to stop ongoing due process violations, emotional harm, and unlawful retaliation.

Her inaction constitutes deliberate indifference and renders her liable under §1983 for failing to prevent harm that was foreseeable, avoidable, and within her authority to correct.

## Count X – Procedural Due Process Violation: Improper Service and Coercion During Visitation (42 U.S.C. § 1983)

Defendants Amy Kemp and Danelle Dillman used emotionally charged, supervised visitation sessions as opportunities to conduct official legal actions, including the service of the JD-25-6 Summons (Voice 012) and verbal introduction of a restrictive Family Time Plan (Voice 027). These actions were coercive, violated professional standards, and deprived Plaintiff of a reasonable opportunity to receive, respond to, and understand legal developments in an appropriate setting.

The use of visitation sessions for legal ambushes constitutes a violation of Plaintiff's procedural due process rights and demonstrates a continuing pattern of DHS weaponizing parental reunification time for state advantage.

---

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a declaration that Defendants violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments through retaliation, unlawful seizure, denial of court access, fabrication of evidence, procedural abuse, and deprivation of fundamental parental liberties.
B. Issue preliminary and permanent injunctive relief halting further retaliation, unlawful removals, enforcement of non-court-ordered "safety plans," and any further attempts to interfere with Plaintiff's parental rights without full due process.
C. Order Defendants to cease the use of supervised visitation settings for legal service, coercive communications, or administrative actions and require all official correspondence to occur in a legally appropriate and non-coercive context.
D. Order Defendants to comply with court-ordered visitation, restore Plaintiff's right to access court systems without interference, and enforce procedural safeguards in all future proceedings involving Plaintiff.
E. Require immediate audit and review of the administrative and legal handling of Case No. JD-25-6, including all DHS internal communications, court filings, clerk actions, and procedural anomalies related to Plaintiff.
F. Declare Oklahoma's statutory denial of jury trials in juvenile deprived proceedings unconstitutional as applied to Plaintiff, and enjoin its further enforcement absent alternative procedural safeguards.
G. Reserve Plaintiff's right to seek monetary damages through a separate or amended complaint following the expiration of the Oklahoma Governmental Tort Claims Act waiting period (RM-2520035451).
H. Award any other equitable relief deemed just, proper, and necessary by this Court to prevent further irreparable harm.

Respectfully submitted,

*/s/ Jack Peppers*

**Jack Walter Peppers**
35611 EW 1180 Rd
Seminole, OK 74868
(405) 779-1305
jackpeppers81@gmail.com
*Pro Se Plaintiff*