## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK WALTER PEPPERS. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. CIV-25-549-R** |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| HUMAN SERVICES, et al., ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

Plaintiff Jack Walter Peppers, proceeding *pro se* and *in forma pauperis*, sued several defendants arising out of a dispute regarding custody and visitation of his children [Doc. No. 1]. He subsequently filed several motions seeking various forms of relief, which the Court will address in turn. These motions include a Motion for Temporary Restraining Order [Doc. No. 3], as well as a Motion for Immediate Ruling on Emergency TRO [Doc. No. 10], a Motion to Appoint Counsel [Doc. No. 4], a Motion for Leave to Participate in Electronic Case Filing [Doc. No. 5]; and a Motion to Submit Supplemental Exhibits [Doc. No. 6]. For the reasons that follow, Plaintiff's Motions are DENIED.

### A. Motion for Temporary Restraining Order

Plaintiff seeks the following relief in his Motion for Temporary Restraining Order:

- A temporary restraining order prohibiting Defendants from enforcing the operative safety plan or otherwise interfering with his contact and visitation with his children;

- A hearing for a preliminary injunction;

- An order requiring Defendants to disclose all records, communications, decisions related to Plaintiff's children;

1

- An injunction against further retaliation against Plaintiff based on protected legal activity; and

- Any other relief the Court deems just and proper.

Doc. No. 3 at p. 3. Defendants have yet to be served.

Rule 65(b) of the Federal Rules of Civil Procedure governs issuance of temporary restraining orders. Under Rule 65(b)(1), the Court may issue a temporary restraining order without notice to the adverse parties only if:

- Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

- The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

Here, Plaintiff fails to satisfy the second requirement of Rule 65(b)(1). Defendants have not been served, and therefore the only means in which they could receive notice of Plaintiff's Motion is from Plaintiff himself. And because Plaintiff is proceeding *pro se*, it is his responsibility to certify, in writing, his efforts to give notice and make a showing as to why notice should not be required. But he has not made such a certification in his Motion for Temporary Restraining Order. So the Court is not permitted to rule on the merits of Plaintiff's Motion at this time.

Accordingly, Plaintiffs' Motion for Temporary Restraining Order is denied.[1]

---

[1] This ruling renders Plaintiff's Motion for Immediate Ruling, Doc. No. 10, moot, and it is denied accordingly.

### B.  Motion to Appoint Counsel

Plaintiff asks the Court to appoint him counsel. A civil litigant has no constitutional right to counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Instead, the Court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Id*. (citing 28 U.S.C. § 1915(e)(1)). In exercising this discretion, the Court considers factors such as "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

Here, the Court finds that it is too early in the litigation to determine the merits of Plaintiff's claims. However, it observes that Plaintiff's filings up to this point "indicate a much higher degree of legal sophistication than is generally found in pro se parties." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). So while appointment of counsel may become appropriate assuming the litigation progresses, the Court finds that the pertinent factors do not favor such appointment at this time.

Accordingly, Plaintiff's Motion to Appoint Counsel is denied.

### C.  Motion for Leave to Participate in Electronic Case Filing

Plaintiff seeks leave to participate in electronic case filing. The Federal Rules of Civil Procedure direct that "[a] person not represented by an attorney may file electronically only if allowed by court order or by local rule[.]" Fed. R. Civ. P. 5(d)(3)(B)(i). Under the Local Rules, "[p]apers filed by electronic means shall be governed by the court's *Electronic Case Filing Policies and Procedures Manual* (ECF Policy

Manual) and orders of the court." LCvR5.1. Pursuant to the ECF Policy Manual, "[l]itigants proceeding *pro se* (without attorney representation) may not file electronically." *ECF Policies & Procedures Manual*, § I.A.1. Here, the Court does not find good cause to depart from the ECF Policy Manual, so Plaintiff's Motion is denied.

### D.  Motion for Leave to File Supplemental Exhibits

In conjunction with his Motion for Leave to Participate in Electronic Case Filing, Plaintiff also seeks leave to file supplemental exhibits that are referenced in his Complaint and Motion for Temporary Restraining Order. Alternatively, he seeks leave to send the exhibits directly to the Clerk's Office as conventionally filed exhibits.

To the extent that the proposed exhibits are referenced in his Complaint, Plaintiff may file the exhibits conventionally. If he aims to file exhibits that are not referenced in his Complaint, he may file an amended complaint that references those exhibits and then file them conventionally. Neither option requires leave of Court at this stage. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff's Motion is therefore denied.

### CONCLUSION

Accordingly, Plaintiff's Motions are DENIED.

IT IS SO ORDERED this 27th day of June, 2025.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**