UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK WALTER PEPPERS. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-25-549-R |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| HUMAN SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff Jack Walter Peppers, proceeding *pro se* and *in forma pauperis*, filed his Complaint [Doc. No. 1] seeking injunctive and declaratory relief for alleged constitutional violations related to an on-going custody proceeding that is being actively litigated in state court. Because Plaintiff "proceeds *in forma pauperis* under 28 U.S.C. § 1915(a)(1), his complaints are subject to that statute's screening requirement." *Tucker v. United States Ct. of Appeals for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. 2020). Under § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action…fails to state a claim on which relief may be granted[.]" As set out more fully below, because the Complaint implicates the *Younger*[1] abstention doctrine, Plaintiff's claims are DISMISSED.[2]

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] "The Court may properly raise *Younger* abstention sua sponte." *Byrd v. Pirrong*, No. CIV-25-747-SLP, 2025 WL 1932980, at *2 n.1 (W.D. Okla. July 14, 2025) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1391-92 (10th Cir. 1996)).

1

## BACKGROUND[3]

Plaintiff is presently involved in multiple state court proceedings regarding the custody of his children and protective orders between him and his estranged wife in Seminole County. Doc. No. 1, ¶ 11. In February of this year, his children were removed from his home without a court order, warrant, or exigent circumstances. *Id*. ¶ 12. Plaintiff received a protective order against his estranged wife. *Id*. ¶ 13. In contravention of this protective order, Defendant Oklahoma Department of Human Services enforced an unauthorized Safety Plan governing the custody and visitation of his children. *Id*. Additionally, DHS case worker, Defendant Amy Kemp, retaliated against Plaintiff by triggering a juvenile deprived case in state court (JD-25-6). *Id*. ¶ 15. Another DHS case worker, Defendant Dominic Wilson suppressed and manipulated evidence, prematurely terminated Plaintiff's supervised visitation with his children, and submitted defamatory and incomplete text messages to the Defendant Seminole County District Attorney's Office. *Id*. ¶ 16. DHS supervising agent, Defendant Danelle Dilman, failed to intervene to correct or prevent the allegedly unlawful actions of her case workers despite having knowledge of their misconduct. *Id*. ¶ 17. Defendant Dilman also enforced a verbal "Family Time Plan" that was not authorized by a court order. *Id*. Finally, Defendant Seminole County Court Clerk's Office repeatedly obstructed or ignored Plaintiff's filings. *Id*. ¶ 14.

---

[3] As a *pro se* plaintiff, Plaintiff's pleadings are construed liberally. *See Johnson v. Reyna*, 57 F.4th 769, 775 (10th Cir. 2023). At this stage, the Court accepts Plaintiff's well-pleaded allegations as true and construes them in the light most favorable to Plaintiff. *See Phan v. Colo. Legal Servs.*, 769 F. App'x 520, 523 (10th Cir. 2019) (citation omitted).

In total, Plaintiff asserts claims against at least eight defendants, including three DHS case workers, a Seminole County deputy sheriff, Oklahoma DHS, Seminole County DHS, the Seminole County Court Clerk's Office, and the state court judge presiding over the juvenile deprived case. *Id*. ¶¶ 4-11. He asserts ten constitutional claims stemming from his on-going custody and visitation dispute. *Id*. at pp. 3-6. For these alleged constitutional violations, Plaintiff requests the following injunctive and declaratory relief:

- A declaration that Defendants violated Plaintiff's First, Fourth, and Fourteenth Amendment rights through retaliation, unlawful seizure, denial of court access, fabrication of evidence, procedural abuse, and deprivation of fundamental parental liberties;

- Injunctive relief halting further retaliation, unlawful removals, enforcement of extra-judicial safety plans, and further attempts to interfere with Plaintiff's parental rights without due process;

- An order requiring Defendants to cease the use of supervised visitation settings for legal service, coercive communications, or administrative actions, and to require that all official correspondence occur in a legally appropriate and non-coercive manner;

- An order compelling Defendants to comply with court-ordered visitation, to restore Plaintiff's right to access court systems without interference, and to enforce procedural safeguards in all future proceedings involving Plaintiff;

- An order requiring an immediate audit and review of the administrative and legal handling of the juvenile deprived case, including all DHS internal communications, court filings, clerk actions, and procedural anomalies related to Plaintiff;

- An order declaring Oklahoma's statutory denial of jury trials in juvenile deprived proceedings unconstitutional as applied to Plaintiff, and enjoining its further enforcement absent alternative procedural safeguards;

- Reservation of Plaintiff's right to seek money damages through a separate or amended complaint following the expiration of the Oklahoma Government Tort Claims Act waiting period; and

- Any other equitable relief the Court deems proper to prevent further irreparable harm.

*Id*. at p. 6.

## LEGAL STANDARD

"[T]o survive a § 1915 screening, each claim must include 'enough facts to state a claim for relief that is plausible on its face.'" *Phan*, 769 F. App'x at 523 (quoting *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009)). "'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts alleged and it would be futile to give him an opportunity to amend.'" *Id*. (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

The *Younger* abstention doctrine "'provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (quoting *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669-70 (10th Cir. 2020)) (quotation marks omitted). However, the doctrine only applies when "the state proceeding falls into one of the following categories: '(1) state criminal prosecutions, (2) civil enforcement proceedings that take on a quasi-criminal shape, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.'" *Id*. (quoting *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023)); (also citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013)) (brackets omitted).

If the state proceeding falls into one of the *Sprint* categories outlined above, then a federal court must abstain from hearing the case when the following conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted).

## DISCUSSION

The on-going state proceedings cited by Plaintiff—namely the juvenile deprived case involving the custody of his children (JD-25-6)—fit into a *Sprint* category. Specifically, the state juvenile deprived proceeding is "a 'pending civil proceeding[] involving' a domestic-relations proceeding that is 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Wright v. Okla. Cty.*, No. CIV-20-346-JD, 2020 WL 8335672, at *8 (W.D. Okla. Aug. 31, 2020) (quoting *Sprint*, 571 U.S. at 78) (analyzing the *Sprint* categories and applying *Younger* to an on-going state divorce proceeding). And as noted by then-Judge Neil Gorsuch in *Wyttenbach v. Parrish*, 496 F. App'x 796 (10th Cir. 2012), "[f]ederal courts have long disclaimed responsibility for domestic relations cases, leaving the power to issue and enforce 'divorce, alimony, and child custody decrees' to the states." *Wyttenbach*, 496 F. App'x at 796 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). So the Court finds that the child custody proceeding forming the basis of Plaintiff's Complaint fits into a *Sprint* category sufficient to trigger a *Younger* analysis. Moreover, an analysis of the three *Younger*

5

conditions supports the conclusion that this Court must abstain from hearing Plaintiff's claims.

First, it is plain from Plaintiff's own pleadings that there are multiple on-going state proceedings and that they all predate his filing of the instant federal lawsuit. Doc. No. 1 at p. 1. So the first *Younger* condition is met.

Second, Plaintiff asserts several constitutional claims. But "[s]tate courts are generally equally capable of enforcing federal constitutional rights as federal courts." *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2012) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "And when constitutional challenges impact state proceedings, as they do here, 'proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.'" *Id*. (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)). Moreover, it is Plaintiff's burden "to establish that state law prevents her from presenting her federal claims in the state proceedings[,]" *id*. at 728-29 (citing *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)), which he has not done. The second *Younger* condition is therefore met.

Third, as the Tenth Circuit observed in *Morkel*, "comity considerations of the *Younger* doctrine are particularly vital in child custody proceedings, which are 'an especially delicate subject of state policy.'" *Id*. at 729 (quoting *Morrow*, 94 F.3d at 1393). And as noted above, domestic relations issues such as child custody proceedings are historically the province of the states. *See Wyttenbach*, 496 F. App'x at 796. So because Plaintiff's claims focus on his child custody proceedings and the actions taken by DHS and

6

other state and county entities affecting those proceedings, and "the resolution of child custody matters has been acknowledged as an important state interest[,]" *Morkel*, 513 F. App'x at 729 (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004)), the final *Younger* condition is satisfied.

Finding that all three *Younger* conditions are met, and that no extraordinary circumstances are present, the Court is required to abstain from hearing Plaintiff's claims.

## CONCLUSION

Accordingly, Plaintiff's Complaint is DISMISSED. All pending motions are terminated.

IT IS SO ORDERED this 23rd day of July, 2025.

                                                                      _/s/ David L. Russell_
                                                                     DAVID L. RUSSELL
                                                                     UNITED STATES DISTRICT JUDGE